UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No.2:16-cv-00179-JMS-DKL |
| ) | |
| S. JULIAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Joseph Williams is confined within this District serving the executed portion of a sentence following his conviction in the United States District Court for the Central District of Illinois for robbery of a credit union. *See United States v. Williams,* No. 2:07-cr-20067-MPM-DGB-1 (C.D.Ill.). His motion for relief pursuant to 28 U.S.C. § 2255 was docketed in the trial court as No. 2:08-cv-02279-MPM-DGB and was denied on June 19, 2009. Invoking the increasingly ubiquitous *Johnson v. United States,* 135 S. Ct. 2551 (2015), Williams seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

"A federal prisoner may use a [28 U.S.C.] § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*)(quoting *Davenport*, 147 F.3d at 609). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to

show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* Thus, it is the inefficacy of the remedy, not the personal inability to use it, which is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios,* 696 F.3d at 640) (internal citations omitted).

To proceed down the path he has charted, therefore, Williams must show that he can satisfy the three conditions specified above. He fails to do so, however, because each of the required elements for such a showing are absent.

Even if the Court could conclude otherwise with respect to the Savings Clause of § 2255(e), however, the Seventh Circuit has already determined that Williams can obtain no relief under *Johnson.* It did so on May 9, 2016 in No. 16-1836. In the ruling just referenced, the Court of Appeals explained in its Order:

> Williams, who was sentenced as a career offender, wants to challenge his sentence under *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Williams' sentence did not depend on the residual clause. Instead, it relied on his two prior convictions for robbery and another for attempted robbery, all of which required proof of the use or threatened use of force and count under the elements test. U.S.S.G. § 4B1.2(a)(1). He also had a prior conviction for residential burglary, which is an enumerated offense. § 4B1.2(a)(2). Williams' sentence does not violate *Johnson.*

Without support from *Johnson,* Williams cannot prevail here. As quoted above, *Johnson* offers Williams no basis on which to challenge his career offender enhanced sentence.

Additionally, under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

"The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." *Id.* The dispositive question here is whether Williams' habeas claim permits him to traverse the portal created by § 2255(e). *It does not.*

Based on the foregoing, Williams has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his habeas petition, as supplemented, and for the reasons outlined above the petition for a writ of habeas corpus is **denied**. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: <u>July 8, 2016</u>

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Williams
Reg. No. 14775-026
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808